IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DR. DWIGHT MOSLEY, | )<br>) |
| Plaintiff, | ) Civil Action No. 07-1560<br>) Magistrate Judge Lisa Pupo Lenihan |
| v. | )<br>) |
| CITY OF PITTSBURGH PUBLIC SCHOOL<br>DISTRICT and CITY OF PITTSBURGH<br>BOARD OF PUBLIC EDUCATION, | ) Doc. No. 27<br>)<br>)<br>) |
| Defendants. | ) |

## **OPINION AND ORDER**

LENIHAN, M. J.

Currently before the Court for disposition is Plaintiff's Motion to Amend his Second Amended Complaint (Doc. No. 27). The time has passed for filing a response to the Motion, and no response or objection has been filed. For the reasons set forth below, the Court will grant Plaintiff's Motion to Amend.

In his Motion to Amend, Plaintiff seeks to add two new counts to his Second Amended Complaint: (1) Count V Mandamus, wherein he seeks reimbursement for certain fringe benefits allegedly accrued and are due under the Administrator Compensation Plan; and (2) Count VI - Pennsylvania Whistleblower Law, 43 P.S. § 1421 *et seq.*, which Plaintiff timely asserted in State Court and now seeks to consolidate in this action. The essence of the Whistleblower claim is that Defendants discharged Plaintiff in retaliation for reporting in good faith, on or about March 2007, to his supervisor, that Defendants failed to properly obtain and check the criminal history and child abuse report record information before hiring and employing several supervisors and/or management employees, in violation of Pennsylvania law.

In support of his Motion, Plaintiff argues that Fed.R.Civ.P. 15(a)(2) provides that leave to amend should be freely granted when justice so requires. As Plaintiff correctly notes, in *Foman v. Davis,* the Supreme Court delineated the grounds that would justify denying leave to amend: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment". *Foman v. Davis,* 371 U.S. 178, 182 (1962). The grant or denial of leave to amend is within the sound discretion of the district court; however, failure to provide a reason for denying leave to amend is considered an abuse of that discretion. *Id.*; *see also In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (citing *Foman, supra*). In the instant matter, Plaintiff contends that leave to amend is warranted as the two additional claims are valid, and Defendants will not be prejudiced as discovery is in the early stages. In addition, Plaintiff notes that the motion to amend was filed within the deadline set by the court for amending pleadings.

The Court has not been presented with any facts or arguments to suggest the presence of any of the factors delineated by the Supreme Court in *Foman*. In the absence of such evidence, the Court cannot find that the proposed amendments would be unjust. Therefore, the Court will grant Plaintiff's Motion to Amend. An appropriate order follows.

### ORDER

AND NOW, this 14th day of **August, 2008**, in consideration of Plaintiff's Motion to Amend his Second Amended Complaint, **it is hereby ORDERED** that said Motion is **GRANTED.**

**It is further ORDERED** that Plaintiff shall file the Third Amended Complaint attached to

2

his Motion to Amend within fourteen (14) days of this Order.

By the Court:

LISA PUPO LENIHAN
United States Magistrate Judge

cc: All Counsel of Record
*Via Electronic Mail*