IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DR. DWIGHT MOSLEY, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 07-1560 |
| ) | |
| v. ) | |
| ) | Magistrate Judge Lisa Pupo Lenihan |
| CITY OF PITTSBURGH PUBLIC ) | |
| SCHOOL DISTRICT, *et al.*, ) | Doc. Nos. 73 & 75 |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

Currently pending before the Court are Defendants' Motion to Strike the Revised Affidavit of Dr. Dwight Mosley (Doc. No. 73) and their Motion to Strike the Unsworn Statement of Alex Matthews (Doc. No. 75). For the reasons set forth below, the Court will grant Defendants' Motion to Strike the Revised Affidavit of Dr. Mosley, and deny as moot Defendants' Motion to Strike the Unsworn Statement of Alex Matthews. However, Plaintiff is allowed to submit his Second Revised Affidavit (Doc. No. 81-2) in opposition to Defendants' Motion for Summary Judgment.

Defendants have moved to strike Dr. Mosley's Revised Affidavit (Doc. No. 65) on the grounds that it also fails to comply with the requirements of FED.R.CIV.P. 56(e), contains conclusory and speculative statements, arguments, and hearsay, and thus, should be stricken in its entirety. In particular, Defendants point to paragraphs 2, 11, 12, 13, 16, 21, 22, 27, 29, and 49 as examples of the Plaintiff's alleged non-compliance. Based on these examples, Defendants argue it would be unfair to require them to have to sift through 30 pages of Plaintiff's testimony to parse out the admissible snippets and raise

objections over the inadmissible testimony.

On the other hand, Plaintiff responds that despite the alleged burden, Defendants have managed to point to 10 specific excerpts from his Revised Affidavit in their brief that are allegedly deficient. Plaintiff contends that Defendants have failed to explain how each of the specific excerpts from the Revised Affidavit will be inadmissible at trial or why these statements do not comply with Rule 56(e), and that Defendants have failed to do so because each of these excerpts is based upon his personal knowledge and is readily susceptible of proof through oral testimony and is admissible under the Federal Rules of Evidence. With regard to Defendants' contention that the Revised Affidavit contains inadmissible speculation, Plaintiff responds that these statements are taken out of context and are in fact based upon his personal knowledge. In many instances, Plaintiff asserts that Defendants have omitted the remainder of the paragraph from the cited excerpts, which would have shown that his testimony was based on his personal knowledge. Thus, Plaintiff submits that his Revised Affidavit does comply with the requirements of Rule 56(e), and in any event, any noncompliance would be in the extreme minority and would not justify striking his entire Revised Affidavit. Alternatively, Plaintiff has attached a Second Revised Affidavit (Doc. No. 81-2) to his responsive brief, from which he has omitted portions of the Revised Affidavit that Defendants contend do not comply with Rule 56(e) or are inadmissible.

After reviewing the parties' submissions, the Court finds that the excerpts cited from paragraphs 11, 12, 13, 16, 21, 22, 27, 29, and 49 of Plaintiff's revised affidavit are

inadmissible speculation and should be stricken from his Revised Affidavit.[1] The excerpted statements contain language such as, "I believe," "from what I understand," "evidently," "probably," "I must assume," "I have strong doubts," or "it is possible," or similar language that demonstrat e speculation or a lack of personal knowledge on Plaintiff's part. Statements in affidavits made only on belief or on information and belief may not be considered in support of or in opposition to summary judgment. *APT Pittsburgh Ltd. P'ship v. Lower Yoder Twp.*, 111 F.Supp.2d 664, 669 (W.D.Pa. 2000). Indeed, courts routinely grant motions to strike affidavits that are based upon "belief" or "information and belief,"[2] or which contain conclusory language, vague assertions, gross speculation and inferences.[3] *Lowe v. Philadelphia Newspapers, Inc.*, 594 F.Supp. 123, 126-27 (E.D.Pa. 1984) (collecting cases).

However, Plaintiff has submitted a Second Revised Affidavit which remedies these deficiencies. In addition, the Court observes that Plaintiff's Second Revised Affidavit omits other statements from his Revised Affidavit that arguably constitute inadmissible speculation that were not specifically identified by Defendants in their motion to strike. *Compare* ¶¶ 5, 15, 31, 33, 35, 37, 40 of Revised Aff. (Doc. No. 65) with same paragraphs of Second Revised Aff. (Doc. No. 81-2). Thus, the Court finds that Plaintiff's Second

---

[1] Defendants' objection to paragraph 2 of Plaintiff's Revised Affidavit lack merit. Although based on the hearsay statements of Dr. Thompson, Plaintiff has indicated that he intends to present Dr. Thompson as a witness at trial and thus, the statements are capable of being admissible.

[2] *Lowe v. Philadelphia Newspapers, Inc.*, 594 F.Supp. 123, 126-27 (E.D.Pa. 1984) (citing *Automatic Radio Mfg. v. Hazeltine Research, Inc.*, 339 U.S. 827, 831 (1950); *Gostin v. Nelson*, 363 F.2d 371 (3d Cir. 1966)) (other citation omitted).

[3] *Id.* (citing *Fireman's Ins. Co. of Newark, N.J. v. DuFresne*, 676 F.2d 965, 969 (3d Cir. 1982)) (other citations omitted).

Revised Affidavit sufficiently complies with Rule 56(e). Although the Court agrees with Plaintiff that striking his Revised Affidavit in its entirety would be inappropriate, the Court will nonetheless grant Defendants' Motion to Strike the Revised Affidavit because Plaintiff has submitted a Second Revised Affidavit that sufficiently complies with rule 56(e). Accordingly, Plaintiff's Second Revised Affidavit in opposition to Defendants' Motion for Summary Judgment is accepted as submitted.

With regard to their Motion to Strike the Unsworn Statement of Alex Matthews, Defendants argue that said statement fails to comply with the requirements of FED.R.CIV.P. 56(e), in that the statement although signed, is unsworn, and therefore must be stricken from the record. In response, Plaintiff has submitted a new statement from Mr. Matthews which now appears to be verified and sworn to by Mr. Matthews in front of a notary public. Thus, the issue raised by Defendants with Mr. Matthews' statement appears to have been resolved by Plaintiff's new filing. Accordingly, the Court will deny Defendants' motion as moot.

Therefore, in consideration of the motions and briefs, and responses thereto, the following order is entered:

**AND NOW**, this 8th day of September, 2009,

**IT IS HEREBY ORDERED** that Defendants' Motion to Strike the Revised Affidavit of Dr. Dwight Mosley (Doc. No. 73) is **GRANTED**. However, Plaintiff's Second Revised Affidavit (Doc. No. 81-2) in opposition to Defendants' Motion for Summary Judgment is

accepted as submitted.

**IT IS FURTHER ORDERED** that Defendants' Motion to Strike the Unsworn Statement of Alex Matthews (Doc. No. 75) is **DENIED AS MOOT.**

LISA PUPO LENIHAN
United States Magistrate Judge

cc:   All Counsel of Record
      *Via Electronic Mail*